[Civ. No. 2242.   Third Appellate District.—January 27, 1921.]

THE PEOPLE, Respondent, v. ALICE A. MILLER et al., Appellants.

[1] RED-LIGHT ABATEMENT ACT—SUFFICIENCY OF COMPLAINT.—In an action under the Red-light Abatement Act, a complaint alleging that the premises "were and now are used for the purposes of lewdness, assignation, and prostitution, and upon said premises acts of lewdness, assignation, and prostitution were held and did occur and said premises were and now are a nuisance," is sufficient.

[2] ID.—CREDIBILITY OF EVIDENCE—PROVINCE OF TRIAL COURT.—In such an action it is peculiarly the province of the trial court to weigh the credibility of the evidence.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. A. Gett for Appellants.

Hugh B. Bradford, District Attorney, for Respondent.

PREWETT, P. J., *pro tem.*—An action under the Red-light Abatement Act. The plaintiff had judgment in the trial court and the defendants appeal.

[1] It is urged in support of a reversal that the complaint does not charge the commission of any *specific acts* constituting the alleged nuisance. The complaint alleges, however, that the premises "were and now are used for the purposes of lewdness, assignation, and prostitution, and upon said premises acts of lewdness, assignation, and prostitution were held and did occur and said premises were and now are a nuisance." These allegations are sufficient within the purview of the act.

[2] The second point is that the evidence is insufficient to sustain the findings and judgment in that it rests upon the "testimony of a hired, tricky reformer, etc." While the evidence presents the usual characteristics of this class of actions, it cannot be said that the testimony of the chief witness for the prosecution is inherently or otherwise improbable. It presents a straightforward story, abundantly sufficient, if true, to justify a decree against the defendants. It was peculiarly the province of the trial court to weigh its credibility, and we are satisfied with the conclusions at which it arrived. There is no other point in the case.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.